(Decided January 4th, 1898).

***

## HOPE H. BARROLL, Trustee, *vs.* PERE L. FOREMAN et al.

*Bills and Notes—Bona Fide Holder—Transfer of Note by a Trustee —Bill of Interpleader.*

The purchaser of property at a judicial sale gave to one of two trustees, in part payment, the promissory note of a third party payable to the order of the purchaser and endorsed by him in blank. This trustee, without the knowledge of his co-trustee, sold the note before maturity to a person who took the same in good faith. *Held*, that since the transferee of the note had no notice that it was the property of the trust estate, he was entitled to enforce the same against the maker and endorser.

A bill of interpleader which neither brings the money into Court nor offers to do so is defective.

Appeal from a decree of the Circuit Court for Queen Anne's County (Stump, J.)

The cause was argued before McSherry, C. J., Fowler, Briscoe and Page, JJ.

*James P. Gorter* (with whom was *Hope H. Barroll* on the brief), for the appellant.

*George R. Willis* (with whom were *J. H. C. Legg* and *F. C. Dugan* on the brief), for the appellee, Reynolds.

Fowler, J., delivered the opinion of the Court.

Hope H. Barroll and A. Randolph Weedon were appointed trustees under a decree of the Circuit Court for Queen Anne's County, to sell the real estate of the late Joseph A. Raisin. The plaintiff in this case purchased several parcels of said real estate, and the sale so made to him was duly ratified. In part settlement of his purchase the plaintiff passed to Weedon, one of the trustees, the promissory note of John B. Brown for the sum of $1,230.53, dated 29th Sept., 1891, payable to the plaintiff's order thirty-six months after date. It must be noted that this note was endorsed in blank by the plaintiff, Pere T. Foreman—there being nothing upon the face of it to show that it was intended to be in payment of the land purchased by the plaintiff from the trustees. Sometime in October, 1892, Weedon advised Gov. Reynolds to invest a thousand dollars which Weedon had collected for him, in the note we have just described. This was done, and the difference between the note and the amount Weedon had collected, amounting to $74.54, was remitted to him by Gov. Reynolds. The note was duly endorsed and delivered by Weedon to Reynolds, who held it until its maturity October 2nd, 1894, when he sued Brown as maker and Foreman as endorser. The latter then filed in the Circuit Court for Queen Anne's County his bill of interpleader against Gov. Reynolds, Hope H. Barroll, trustee, and John B. Brown, praying that Reynolds and Barroll, trustee, might be required to interplead and set forth their respective claims to said note and the sum represented thereby, and that Reynolds might be enjoined from prosecuting said

suits against the plaintiff and said Brown, until it could be determined who is legally entitled to the ownership of said note. All the defendants answered. Gov. Reynolds alleges that he is a *bona fide* holder for value without notice of any kind, either actual or constructive, of any infirmity in the title of his endorser, and that the note was transferred to him before maturity in the usual course of business. Mr. Barroll, now sole trustee, his co-trustee, Weedon, having been removed, alleges that the settlement made by the plaintiff with said Weedon, was without his (Barroll's) authority, and that the trust estate cannot be bound by it. The remaining defendant, J. B. Brown, admits his indebtedness on the note, that it has not been paid by him because he was notified by the trustee, Barroll, not to pay it, and afterwards was enjoined from so doing, and that he is willing that the Court shall direct the disposition thereof. A good deal of testimony was taken relating to the question of the ultimate rights of the trust estate on the one side, and the liability of the plaintiff on the other, even assuming the validity of Gov. Reynolds' title to the note. And whether he has such a title is the only question now properly before us, because that is the sole question finally settled by the decree appealed from. It may have been the opinion of the Court below that in point of fact the note was intended to be a part of the trust estate, because the plaintiff intended it to be a payment on account of the land purchased from the trustees, but the decree is silent as to the right of the remaining trustee, notwithstanding such payment, to compel the plaintiff to pay again. By the decree it is declared that Gov. Reynolds is the lawful owner of the note; that as such owner he is entitled to judgment against John B. Brown, and also entitled to proceed with the suit against the plaintiff as endorser, unless the plaintiff pay to said Reynolds the amount of said note with interest, &c., on or before 1st June, 1897. It is also decreed that the plaintiff pay to Reynolds the amount of the note with interest and costs. We have thus recited the whole of the operative part of the decree,

and it appearing that the Court below has not passed upon the question relating to the claim of the trust estate against the plaintiff, nor upon the defence set up by the latter that he made the settlement with Weedon, one of the trustees, in the manner already referred to, with the consent of the other trustee, Mr. Barroll, we cannot consider this branch of the case, although there was testimony taken relating to it, and the question involved therein was somewhat discussed at the hearing. However, we are informed by counsel that this question is directly presented in certain cases now pending in the Circuit Court for Queen Anne's County, and we were requested by both sides not to pass upon it now. In fact suits at law on the note are now pending, and may be prosecuted to judgment if the money here involved should not be paid as required by the decree in this cause, and the controversy between the appellant trustee and the appellee Foreman may also be settled by appropriate proceedings, if not already in process of settlement in pending suits.

We have examined the evidence before us and have been unable to find any proof whatever, which upon any view establishes the contention that Gov. Reynolds was guilty either of negligence or bad faith in the transaction with Weedon. The case of *Swift* v. *Williams and Moore, Trustees*, 68 Md. 236, so much relied on by the appellant, is not like the one before us. There the funds of one trust estate were used to pay the creditors of another trust estate, and the bank and the creditor who were held liable were dealing with one who not only was a trustee, but one who was acting in the capacity of trustee. But here it must be conceded that Gov. Reynolds had neither notice, nor was there anything to put him on inquiry, so that he could discover that the note ever had any connection with the trust estate of Raisin, or that Weedon was disposing of trust property. And then, too, the trust estate here in question has not been, as yet, damaged or lessened by the improper transfer of the note, for the very land in payment for which the plaintiff passed it to the trustee has never been conveyed, and may, therefore, be

sold again at the purchaser's risk, if it should ultimately be determined that he has not complied with the terms of sale.

In conclusion it may be proper to say that although no demurrer was filed to the bill of interpleader in this case, the bill is defective, because there is an omission either to bring the money into Court, or to offer to do so. We have recently, during this term, passed upon this question. In the case of the *Insurance Company* v. *Caulk & Co. et al.*, *ante*, p. 385, BOYD, J., delivering the opinion of the Court, we said "The bill was also defective because the plaintiff neither brought the money into Court nor offered to do so. It does state that the plaintiff was willing to pay it to the parties entitled thereto, but it nowhere offered to bring it into Court for that purpose. This offer is required to prevent an abuse of this proceeding, just as the affidavit that there is no collusion, and although a bill is not demurable because the money is not actually brought in, yet when that is not done, the offer to do so must at least be made   *   * And a bill should not be deemed sufficient unless it embraces such an offer."

If the bill in this case had been properly drawn, and the money had been paid into Court, the decree below could have awarded it to the defendant, Gov. Reynolds, who, as we have already said, is the legal owner thereof, and thus there would have been, so far as he is concerned, an end of the litigation when the decree in this case was passed. But as the matter now stands, if the money should not be paid as directed by the decree, further proceedings at law must be had in conformity with the provisions of the decree itself.

*Decree affirmed with costs.*